UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA ESTERS a/k/a ESTERS TRIAL MANAGEMENT FIRM, LLC,<br><br>Plaintiff,<br><br>v.<br><br>VANGUARD CLINICAL, INC., and BEACON HILL STAFFING GROUP, LLC,<br><br>Defendant. | Case No.: 23-cv-00820-AJB-JLB<br><br>**AMENDED ORDER GRANTING DEFENDANT BEACON HILL STAFFING GROUP, LLC'S MOTION TO DISMISS**<br><br>**(Doc. No. 12)** |

Presently pending before the Court is Defendant Beacon Hill Staffing Group's ("Beacon Hill") motion to dismiss Plaintiff Felicia Esters a/k/a Esters Trial Management Firm, LLC's ("ETMF") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). (Doc. No. 12.) Plaintiff filed an opposition to the motion to dismiss, (Doc. No. 14), to which Beacon Hill replied, (Doc. No. 15). Pursuant to Civil Local Rule 7.1.d.1, the Court finds the instant matter suitable for determination on the papers and without oral argument. For the reasons stated herein, the Court **GRANTS** the motion to dismiss Plaintiff's Complaint as to Beacon Hill.

///

///

///

## I.  BACKGROUND

Plaintiff brings the instant action for damages under the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C § 201 *et seq.* ("FLSA") and California Labor Codes.[1] (Complaint ("Compl."), Doc. No. 1, ¶ 1.) She alleges specifically that Defendants Vanguard Clinical, Inc. ("Vanguard") and Beacon Hill, as joint employers, failed to pay Plaintiff, on behalf of ETMF, time and one-half hour worked in excess of forty hours per work week. (*Id.*)

Beacon Hill is a Massachusetts limited liability company with its primary place of business in Boston, Massachusetts. (Declaration of Beacon Hill ("B.H. Decl."), Doc. No. 12-1, ¶ 2.) It is a human resources and personnel company that provides staffing services to companies. (Compl. ¶ 16.) Here, Beacon Hill offered Vanguard contracted services with independent contractors. (*Id.*) In November 2021, Plaintiff submitted "New hire paperwork – Vanguard / Beacon Hill" to set up ETMF as "an approved vendor in a B2B relationship with Beacon Hill" as an independent contractor for Vanguard. (*Id.* ¶ 17.) Beacon Hill facilitated the contract for ETMF to begin working for Vanguard, with the contract beginning on December 6, 2021, lasting six months with the option for Vanguard to extend the contract or hire Esters as an employee. (*Id.*) Beacon Hill's Chicago, Illinois office facilitated the contract between Beacon Hill and ETMF, which according to its records is a Texas-based limited liability company founded by Esters, a citizen of Texas. (B.H. Decl. ¶ 3; Compl. ¶ 4.) ETMF was required to send an invoice and submit timesheets weekly to Beacon Hill's Boston, Massachusetts office, to be compensated by Beacon Hill, who would not pay overtime for any hours worked in excess of forty hours per week. (Compl. ¶¶ 19, 20; B.H. Decl. ¶ 5.) Beacon Hill's Boston, Massachusetts office paid ETMF for all invoices submitted and issued ETMF a 1099. (B.H. Decl. ¶ 5.)

---

[1] Plaintiff's Complaint does not expressly state which Defendant or Defendants the Counts are directed to, other than Count 4. (*See generally* Doc. No. 1.) Beacon Hill analyzes its Motion to Dismiss under Counts 1 through 3, (Doc. No. 12 at 7), and Plaintiff does the same, (*see generally* Doc. No. 14).

Plaintiff alleges that while she was classified as an independent contractor, "she was doing the work of an employee under the direction of Vanguard and being paid by Beacon Hill." (Compl. ¶ 18.) Plaintiff further alleges her relationship with Vanguard was controlled by Beacon Hill as a joint employer. (*Id.* ¶ 20.)

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(2)

Under Federal Rule of Civil Procedure 12(b)(2), a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If the Rule 12(b)(2) motion "is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). While uncontroverted allegations in the complaint are taken as true, the court "cannot 'assume the truth of allegations which are contradicted by affidavit.'" *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (quoting *Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977)). Where both sides submit affidavits, conflicts over the statements contained in affidavits are resolved in the plaintiff's favor. *Id.* (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008)). "Additionally, any evidentiary materials submitted on the motion 'are construed in the light most favorable to the plaintiff[s] and all doubts are resolved in [their] favor.'" *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1187 (9th Cir. 2002) (quoting *Metro Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1064 n.1 (9th Cir. 1990)).

### B.   Rule 12(b)(3)

A party may file a motion to dismiss on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). Plaintiff has the burden of showing that venue is proper. *Piedmont Label Co. v.*

*Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "In a Rule 12(b)(3) motion, the allegations in the complaint need not be accepted as true and the Court may consider evidence outside the pleadings." *eBay Inc. v. Digital Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1161 (N.D. Cal. 2009). "If the court finds that the case has been filed in the wrong division or district, it must dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (internal citation and quotation omitted).

### III.   DISCUSSION

Beacon Hill moves to dismiss each of Plaintiff's claims against it pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). (Doc. No. 12.)

####   A.   Lack of Personal Jurisdiction Pursuant to 12(b)(2)

Plaintiff bears the burden to show the Court has either general personal jurisdiction or specific personal jurisdiction over Beacon Hill. *Boschetto*, 539 F.3d at 1015.

When there is no applicable federal statute governing personal jurisdiction, as is the case here, the law of the forum state determines personal jurisdiction. *See Schwarzenegger*, 374 F.3d at 800 ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."). California's long arm statute, Cal. Code Civ. Proc. § 410.10, is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process are the same. *See* Cal. Code Civ. Proc. § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); *Mavrix Photo, Inc.*, 647 F.3d at 1223 ("California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same.").

For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and

substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In addition, "[t]he defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher*, 911 F.2d at 1361 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

### 1.  General Jurisdiction

Plaintiff first contends the Court has general jurisdiction over Beacon Hill due to its "substantial and continuous business activities within California." (Doc. No. 14 at 6.) Beacon Hill responds its contacts with California fall far short of "continuous and systematic," and thus are insufficient for the Court to have general jurisdiction over it. (Doc. No. 12 at 12.)

"For general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general business contacts' that 'approximate physical presence' in the forum state." *Schwarzenegger*, 374 F.3d at 801 (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)) (internal citations omitted). A nonresident defendant's "continuous activity of some sorts within a state," however, is not enough by itself to support exercise of general jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011). "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes," a forum may not exercise general jurisdiction. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Where general jurisdiction exists, the Court has jurisdiction over the defendant for all purposes, even in cases where the claims arise from dealings unrelated to those that establish jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 140 (2014).

Beacon Hill is a Massachusetts limited liability company with its primary place of business in Boston, Massachusetts. (Compl. ¶ 7; B.H. Decl. ¶ 2.) Thus, to render Beacon

Hill subject to general personal jurisdiction in California, its contacts must be so "continuous and systematic" as to render them "essentially at home in California." *Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919). Plaintiff pleads only that Beacon Hill "does business in California." (Compl. ¶ 8.)

Beacon Hill asserts that neither its manager nor its members are domiciled or reside in California, it is not incorporated in California, and other than a handful of offices, it has no meaningful physical presence in California. (B.H. Decl. ¶ 2; Doc. No. 12 at 12.) In response, Plaintiff asserts Beacon Hill maintains six offices in California and has at least one client in California. (Doc. No. 14 at 6.) Plaintiff further argues Beacon Hills is also registered to do business in the State of California. (*Id.* at 7.)

The Court recognizes that the state of the current law is such that the Ninth Circuit has "regularly [] declined to find general jurisdiction even where the contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993). Although Plaintiff lists various activities that Beacon Hill took in California, the Court cannot consider these in a vacuum, but rather must consider them in light of Beacon Hill's activities "in their entirety, nationwide and worldwide." *Daimler*, 571 U.S. at 139 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them."). Here, Beacon Hill's main operations are not located in California (and accordingly, it is logical to assume they take place elsewhere). (*See generally* B.H. Decl.) The fact that Beacon Hill may have offices, registration, and one client in California does not render its contacts with the State "so 'continuous and systematic' as to render [it] essentially at home" here, in light of the consideration that Beacon Hill's main operations are located outside of the State. *Daimler*, 571 U.S. at 139. Accordingly, the Court declines to find general jurisdiction over Beacon Hill.

### 2. Specific Jurisdiction

Beacon Hill argues the Court lacks specific personal jurisdiction because Plaintiff fails to allege any facts that her claims against Beacon Hill have any substantial connection to its limited presence in California. (Doc. No. 12 at 13.) In response, Plaintiff states that

"[o]n information and belief, Plaintiff Esters had an office in California and worked in California at least part of the time when was [sic] jointly employed by . . . Beacon Hill." (Doc. No. 14 at 8.) Thus, asserts Plaintiff, "Beacon Hill's action was directed at Plaintiff while Plaintiff was in California, doing work for Beacon Hill's client in California." (*Id.*)

To exercise specific personal jurisdiction, courts apply a three-prong test. First, the defendant must either purposefully direct its activities or purposefully avail itself of the benefits afforded by the forum's laws. *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1023 (9th Cir. 2017). Second, the claim must arise out of or relate to the defendant's forum-related activities. *Id.* Third, the exercise of jurisdiction must be reasonable, such that it comports with fair play and substantial justice. *Id.*

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff meets that burden, 'the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.'" *Axiom Foods Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068–69 (9th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

The Ninth Circuit has emphasized that under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two distinct concepts. "The exact form of our jurisdictional inquiry depends on the nature of the claim at issue." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant has purposefully availed themselves of the privilege of conducting business with the forum state. *Id.* (citing *Schwarzenegger*, 374 F.3d at 802). For claims sounding in tort, courts apply a "purposeful direction" test, and analyze whether the defendant "has directed his actions at the forum state, even if those actions took place elsewhere." *Id.* (citing *Schwarzenegger*, 374 F.3d at 802–03).

As an initial matter, the parties do not indicate which approach applies to the case at bar, although in their respective briefs, the Parties appear to apply the purposeful direction analysis. Plaintiff's claim against Beacon Hill for failure to pay overtime and willful

violation of the Fair Labor Standards Act ("FLSA") is neither a contract nor tort claim. In an analogous case, *Rashidi v. Veritiss, LLC*, No. 2:16-cv-04761-CAS(JPRx), 2016 WL 5219448 (C.D. Cal. Sept. 19, 2016), the plaintiff asserted similar claims to those asserted here, including violations of the California Labor Code. The district court noted the plaintiff's "claims are neither tort nor contract claims," and addressed the first prong of the specific jurisdiction test under both the purposeful availment and purposeful direction approaches. *Id.* at *5; *see Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1022 (N.D. Cal. 2015) (applying both approaches and noting that "[w]age and hour claims asserted under the [Fair Labor Standards Act] and state law are neither tort nor contract claims."); *Overholt v. Airista Flow Inc.*, No.: 17cv1337-MMA (AGS), 2018 WL 355231, at *10 (S.D. Cal. Jan. 10, 2018) (same). As such, the Court proceeds to analyze the first prong of the specific jurisdiction test under both approaches.

        **a.**     **Prong 1: Purposeful Availment and Purposeful Direction**

In determining whether a defendant purposefully availed themselves of the forum, there must be "actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King*, 471 U.S. at 475 (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957)). The defendant must have "performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher*, 911 F.2d at 1362 (quoting *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). "Merely 'random, fortuitous, or attenuated' contacts are not sufficient." *Picot*, 780 F.3d at 1212 (quoting *Burger King*, 471 U.S. at 475).

As discussed above, Beacon Hill maintains several offices in California, is registered to do business in the State, and has one client in California. Thus, Beacon Hill has purposefully availed itself of the California market and its citizens, and derives benefits, including economic gain from such availment. *See Schwarzenegger*, 374 F.3d at 803 (purposeful direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere").

      The Court next considers whether Plaintiff can demonstrate specific personal jurisdiction under the purposeful direction analysis. *See Calder v. Jones*, 465 U.S. 783, 789 (1984) (establishing the "effects" test). "Purposeful direction 'requires that the defendant . . . have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

      The Court finds Plaintiff has not adequately demonstrated Beacon Hill either "expressly aimed" its conduct at California or "caused harm likely to be suffered in the forum state." To satisfy the express aiming element, Plaintiff must allege that Beacon Hill's labor law violations were expressly aimed at California, rather than at Plaintiff alone. *See Picot*, 780 F.3d at 1214. Although Plaintiff alleges in her response that, "[o]n information and belief," she had an office in California and worked in California at least in part while employed by Beacon Hill, there are no allegations within the Complaint supporting her contention and she fails to file any declaration in support of these assertions of fact. Moreover, the Court finds this assertion demonstrates only that Plaintiff's "unilateral activity" occurred in California; it is otherwise insufficient to discharge Plaintiff's burden of showing Beacon Hill aimed its conduct at California by failing to pay Plaintiff overtime. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (stating a defendant's "random, fortuitous, or attenuated contacts" or the "unilateral activity" of a plaintiff are insufficient for a state to exercise jurisdiction over an out-of-state defendant); *Mewawalla v. Middleman*, 601 F. Supp. 3d 574, 593 (N.D. Cal. 2022) ("[K]nowledge alone of a plaintiff's California affiliation is not sufficient to demonstrate express aiming.") (citing *Axiom Foods Inc.*, 874 F.3d at 1069–70).

      Plaintiff also has not adequately demonstrated that Beacon Hill caused harm it knew was likely to be suffered in California. "Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." *Walden*, 571 U.S. at 290. Here, Plaintiff's injury, i.e., the

labor law violations, does not sufficiently demonstrate that Beacon Hill caused harm it knew would likely be suffered in California. In fact, the injury is not tethered to California at all; it is instead "entirely personal to [Plaintiff] and would follow [her] wherever [s]he might choose to live or travel," including Texas, where she is a citizen. *See Picot*, 780 F.3d at 1215. Therefore, the Court concludes the effects of Beacon Hill's actions are "not connected to the forum State in a way that makes those effects a proper basis for jurisdiction." *Walden*, 571 U.S. at 290.

### b.  Prong 2: Arises Out Of

"Under the second prong of our personal jurisdictional analysis, the plaintiff's claim must be one which arises out of the defendant's forum-related activities." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007). In determining whether Plaintiff's claims arise out of Beacon Hill's forum-related conduct, "the Ninth Circuit follows the 'but for' test." *Id.* (citing *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)).

Here, Plaintiff offers no argument that her claims arise out of Beacon Hill's forum-related activities. (*See generally* Compl. & Doc. No. 14.) Although Beacon Hill is registered to do business in California and maintains offices in California, there are no allegations that Plaintiff's injuries arose from Beacon Hill's California presence. First, Beacon Hill's Chicago, Illinois office facilitated the Contract between it and ETMF, rather than its California office. (B.H. Decl. ¶ 3.) The same Chicago office negotiated ETMF's rate of pay. (*Id.* ¶ 4.) Moreover, ETMF sent its invoices from Texas to Beacon Hill's Boston, Massachusetts office and the invoices were paid by Beacon Hill's Boston office, not to or from California. (*Id.*)

In sum, the Court finds Plaintiff has failed to satisfy the first two prongs of the personal jurisdiction test. As such, the Court need not reach the third prong of the specific jurisdiction test, *Picot*, 780 F.3d at 1213 n.2, and the Court finds Plaintiff has failed to make a prima facie showing of specific jurisdiction over Beacon Hill. As such, the Court **GRANTS** Beacon Hill's motion to dismiss pursuant to Rule 12(b)(2).

///

### B.     Improper Venue Pursuant to 12(b)(3)

Although the Court dismisses Plaintiff's Complaint based on lack of personal jurisdiction, the Court further analyzes the improper venue claims in Beacon Hill's motion to dismiss for completeness.

Beacon Hill asserts the Court must dismiss all claims against it because the Contract between it and Plaintiff contains a forum selection clause, which requires that any claims in connection with the Contract shall be litigated in state or federal court in the Commonwealth of Massachusetts. (Doc. No. 12 at 20.)

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to move to dismiss a complaint for improper venue. Similarly, 28 U.S.C. § 1406(a) permits a district court to dismiss or transfer an action laying venue in the wrong district. However, a court shall not dismiss an action pursuant to Rule 12(b)(3) or § 1406(a) when venue is established under 28 U.S.C. § 1391 in the forum in which the action was initiated. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Texas*, 571 U.S. 49, 55 (2013).

At the outset, the Court rejects Beacon Hill's argument that the forum selection clause in the Contract makes venue improper in this District. That clause states: "This Agreement shall be governed by the laws of the Commonwealth of Massachusetts and any litigation in connection herewith shall be filed in state or federal court in said Commonwealth." (Doc. No. 12-1 at 19.) The parties dispute whether the clause is permissive or mandatory. But, regardless of whether the forum selection clause binds Plaintiff, the U.S. Supreme Court has explicitly rejected the argument that such a provision "may be enforced by a motion to dismiss under . . . Rule 12(b)(3)." *Atl. Marine Constr. Co.*, 571 U.S. at 52. Rather, "[w]hether venue is . . . 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause." *Id.* at 55. Therefore, "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id.* As a result, the forum selection clause in the Contract does not dictate the

propriety of venue in this action, and the Court rejects Beacon Hill's argument to the contrary.

The Court finds, however, that venue is improper in the Southern District of California under § 1391(b)(2) as alleged in the Complaint. (*See* Compl. ¶ 10.) To the extent Beacon Hill seeks to challenge the propriety of venue in this District under Federal Rules of Civil Procedure 12(b)(3), Plaintiff's burden is to make a prima facie case that venue is proper under the federal venue statute, 28 U.S.C. § 1391(b). Under section 1391(b), venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, Plaintiff fails to argue whether venue is proper in this District. (*See generally* Compl. & Doc. No. 14.) Although Plaintiff cites § 1391(b)(2) in her Complaint, (Compl. ¶ 10), she fails to plead any facts to support the assertion that a substantial part of the events or omissions giving rise to the claim occurred within this District, (*see generally id.*). As previously discussed, Beacon Hill's Chicago, Illinois office facilitated the Contract between it and ETMF, rather than its California office. (B.H. Decl. ¶ 3.) The same Chicago office negotiated ETMF's rate of pay. (*Id.* ¶ 4.) Moreover, ETMF sent its invoices from Texas to Beacon Hill's Boston, Massachusetts office and the invoices were paid by Beacon Hill's Boston office, not to or from California. (*Id.*) Accordingly, Plaintiff has not demonstrated that venue is proper in this District pursuant to § 1391(b)(2).

Because the Court dismisses Plaintiff's claims against Beacon Hill pursuant to Rules 12(b)(2) and (b)(3), the Court declines to analyze the merits of Beacon Hill's motion to dismiss under Rule 12(b)(6).

///

## IV. CONCLUSION

Because Plaintiff has failed to establish (1) the Court's personal jurisdiction over Beacon Hill, and (2) that this District is the proper venue pursuant to 28 U.S.C. § 1391(b)(2), Plaintiff's claims as to Beacon Hill is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS SO ORDERED.**

DATED: October 18, 2023

Hon. Anthony J. Battaglia
United States District Judge